IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jasmine Erika Sessoms fka Jasmine Erika Jones<br>　　　　　Debtor | CHAPTER 13 |
| U.S. Bank Trust National Association, as Trustee of CVI LCF Mortgage Loan Trust I<br>　　　　　Movant<br>vs. | NO. 15-17538 ELF |
| Jasmine Erika Sessoms fka Jasmine Erika Jones<br>　　　　　Debtor<br>William C. Miller, Esquire<br>　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$12,933.18,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2019 to September 2019 at $1,076.02/month<br>October 2019 to November 2019 at $1,058.76/month<br>December 2019 to March 2020 at $1,161.00/month |
| Fees & Costs Relating to Motion: | $531.00 |
| Suspense Balance: | $815.46 |
| **Total Post-Petition Arrears** | **$12,933.18** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). On or before March 31, 2020, the Debtor shall make a down payment in the amount of **$6,000.00**;

b). Beginning on April 1, 2020 and continuing through September 1, 2020 until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,161.00** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,155.53** towards the arrearages on or before the last day of each month at the address below;

SHELLPOINT MORTGAGE SERVICING
P.O. BOX 10675
GREENVILLE, SC 29603-0675

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 12, 2020          By: /s/ Rebecca A. Solarz, Esquire
                                Attorney for Movant


Date: 3/31/2020                 _____
                                Maram M. Jafar, Esquire
                                Attorney for Debtor

Date: 4/1/2020    /s/    LeRoy Wm. Etheridge *for*    NO OBJECTION
William C. Miller, Esquire    *without prejudice to any*
Chapter 13 Trustee    *trustee rights and remedies.*

Approved by the Court this _____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank